UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KENNETH DALE GILDERSLEEVE,

    Petitioner,

v.                                                       Case No. 2:08-cv-71
                                                        HON. R. ALLAN EDGAR

MICHAEL CURLEY,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Kenneth Dale Gildersleeve filed this petition for writ of habeas corpus, challenging the validity of his state court conviction for operating a motor vehicle under the influence of intoxicating liquor, third offense. Petitioner was sentenced to a prison term of three years and four months to five years. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I recommend that the petition be dismissed.

After his conviction, petitioner filed a motion to vacate his conviction and for resentencing as a misdemeanor violation. The motion was denied in an order dated December 20, 2006. (Docket #15). Petitioner then filed a delayed application in the Michigan Court of Appeals for leave to appeal the denial of this motion. Petitioner's delayed application was denied in an order dated February 9, 2007. (Docket #14). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court. Petitioner's application for leave to appeal was denied in an order

dated June 26, 2007. (Docket #15). Petitioner then filed a petition for a writ of habeas corpus with this court raising the following claims.

> I. Proof of prior DWI (OUIL) convictions was improperly taken at the guilty plea hearing: not, as statutorily mandated at the sentencing hearing.
>
> II. The offered plea bargain was procedurally improper and unconstitutional because it compelled self-incrimination to sentencing enhancement issues under the trial rights waiver.
>
> III. The prior DWI (OUIL) convictions were not established at sentencing.
>
> IV. The prosecution failed to provide the Circuit Court with jurisdiction to sentence defendant under the enhancement portion of MCL § 257.625(9).
>
> V. The DWI (OUIL) statute is unconstitutional because it punishes defendant for exercising his constitutional right to trial ten (10) years earlier.
>
> VI. The OUIL (DWI) 3rd statute violates defendant's right to the equal protection of the law.
>
> VII. The January 26, 2005, District Court OUIL conviction should not be counted as prior conviction for the purposes of the DWI (OUIL) 3rd statute.

Respondent argues that Claims I, III, IV and V all assert violations of Michigan statutes and Michigan court rules. Petitioner agrees that these claims are based upon state law statute and rules, but argues that those statutes and rules were designed to protect his constitutional rights. However, "such an inquiry . . . is no part of a federal court's habeas review of a state conviction." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). In *Estelle v. McGuire*, the Supreme Court addressed the issue of whether the admission of evidence in violation of California state law entitled a petitioner to habeas corpus relief:

> We have stated many times that "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102, 111 L. Ed. 2d 606 (1990); see also *Pulley v. Harris*, 465 U.S. 37, 41, 104 S. Ct. 871, 874-75, 79 L. Ed. 2d 29 (1984). Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21, 96 S. Ct. 175, 177, 46 L. Ed. 2d 162 (1975) (per curiam).

*Estelle v. McGuire*, 502 U.S. at 67-8.

The appropriate inquiry is whether the allegedly improper admission of evidence violated the petitioner's constitutional rights. *Estelle v. McGuire*, 502 U.S. at 68. A federal court will grant habeas corpus relief only where a violation of the state's evidentiary rule results in the denial of fundamental fairness, and therefore, a violation of due process. *Brown, III v. O'Dea*, 187 F.3d 572, 578 (6th Cir. 1999) (citing *Cooper v. Sowders*, 837 F.2d 284, 287 (6th Cir. 1988)).

> "The standard in determining whether the admission of prejudicial evidence constitutes a denial of fundamental fairness is whether the evidence is 'material in the sense of a crucial, critical highly significant factor.'" *Leverett v. Spears*, 877 F.2d 921, 925 (11th Cir. 1989) (quoting *Redman v. Dugger*, 866 F.2d 387, 390 (11th Cir. 1989)).

*Brown, III v. O'Dea*, 187 F.3d at 578. In the opinion of the undersigned, these claims raise solely matters regarding state law issues and do not raise claims of violations of constitutional rights. Petitioner's argument that these state law rules were designed to protect his constitutional rights is not well taken. The statutes and rules allegedly violated are not federal rules and do not implicate constitutional concerns. Petitioner simply asserts that the violations of state law procedures deny his constitutional rights without any further argument in support. If petitioner is truly relying on constitutional law in his petition, then he should state the provisions of the constitution that were allegedly violated and not simply state Michigan rules that he believes were based upon

constitutional rights. In the opinion of the undersigned, petitioner has not shown that Claims I, III, IV and V are based upon violations of federal law or constitutional law.

In Claims II and VI, petitioner asserts that his rights were violated during his plea and sentencing. The question for this court is whether petitioner's plea was knowing and voluntary. The constitutional validity of a guilty plea entered in the state courts is to be judged under the due-process standard set forth by the United States Supreme Court in *Boykin v. Alabama*, 395 U.S. 238 (1969). Under *Boykin*, a guilty plea must be knowing and voluntary in order to withstand scrutiny under the Due Process Clause. A criminal defendant enters a guilty plea knowingly when he understands the nature of the charge and the "direct consequences" of his guilty plea. *See Brady v. United States*, 397 U.S. 742, 748 (1970). In general, a defendant is aware of the direct consequences of the plea if he or she is aware of the maximum and minimum (if any) sentence that may be imposed. *See King v. Dutton*, 17 F.3d 151, 153-54 (6th Cir.), *cert. denied*, 504 U.S. 1222 (1994); *Hart v. Marion Corr. Inst.*, 927 F.2d 256, 259 (6th Cir.), *cert. denied*, 502 U.S. 816 (1991).

When a state prisoner brings a federal habeas petition challenging the voluntariness of his plea, the state generally satisfies its burden of showing a voluntary and intelligent plea by producing a transcript of the state-court proceeding. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). Where the transcript is adequate to show that the plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact and to the judgment itself. *Id.* A satisfactory state-court transcript, containing findings after a proper plea colloquy, places upon petitioner a "heavy burden" to overturn the state findings. *Id.* at 328; *see Parke v. Raley*, 113 S. Ct. 517, 523 (1992). In the present case, after a thorough interrogation of petitioner, the state judge found that petitioner's plea of guilty was entered knowingly and voluntarily. Respondent has presented the October 24, 2005, plea transcript. (Docket #12). A review of the transcript establishes

that petitioner understood the rights that he was waiving when he agreed to the plea bargain deal and knowingly waived those rights during his guilty plea hearing.

Petitioner argues that the trial court failed to establish a factual basis for the plea, because he was required during the plea hearing to admit that he had two previous OUIL convictions in violation of his Fifth Amendment rights. Petitioner clearly voluntarily waived his right against self incrimination when he pleaded guilty during sentencing. Moreover, petitioner's extensive criminal history was a matter of court record:

> Mr. Gildersleeve, as I said, I went through your record, and I went through it again. I never seen anything quite like this.
>
> One of the things that the Department of Corrections doesn't do, or didn't do, in your case until the last few convictions is go back and record what your status was when a new conviction occurred. I actually went back through the exercise. Your very first adult offense goes back to 1981. Your second one was in 1982. Your third one was in 1983. Where the status here, it says, was none, actually you were on probation for number two and violated on number two because of number three. And, I started counting up your OUILs or impaired. It turns out this is your ninth felony, and your twelfth operating while impaired. Almost all of your crimes have been committed while you are on probation or parole, or bond. Number fourteen is interesting, because you're on bond for number thirteen when that one occurred. It appears you were on bond for number thirteen for fifteen. You were on probation for number thirteen when number sixteen occurred.
>
> So, there is a history of bond violations, probation violations, parole violations, all pretty much involving drinking and driving. This is a 20 year history of repeat offenses.

(Docket #13, November 22, 2005, sentence transcript at 10-11). Accordingly, in the opinion of the undersigned, petitioner cannot show that his Fifth Amendment rights were violated when he entered his guilty plea in accordance with the plea bargain.

Petitioner claims that his equal protection rights were violated because one of the prior convictions that was used to enhance this conviction was based upon conduct that occurred more than ten years before this conviction. That conviction, however, was not more than ten years old. Petitioner argues that he is being punished for exercising his right to trial, because if he would have pleaded guilty to this earlier crime, his conviction would have fallen outside the ten year rule and could not have been considered to enhance his current conviction. The trial court explained that petitioner's equal protection claim lacked merit:

> The Defendant next contends that the MCL 257.625(9)(c) is unconstitutional because it is unfair and violates equal protection of the law because it allows for enhanced punishment based on the date of the prior conviction rather than based on the date of the prior offense and thus chills and discourages both the constitutional right of a defendant to plead not guilty and to request a jury trial.
>
> One of the convictions used for enhancement purposes was a conviction on February 16, 1996. In that case, the Defendant was arrested on July 9, 1995, but he was not convicted until February 16, 1996 because he chose to exercise his right to a jury trial. Thus, the prior conviction date is within ten years of the underlying offense in this case while the prior offense date is not. Thus, he claims he is being punished for exercising his right to plead not guilty and demand a jury trial.
>
> A defendant who alleges an equal protection violation has the burden of proving "the existence of purposeful discrimination." *Whitus v Georgia*, 385 US 545, 550p 87 S Ct 643, 646; 17 L Ed 2d 599 (1967). A corollary to this principle is that a criminal defendant must prove that the purposeful discrimination "had a discriminatory effect" on him. *Wayte v United States*, 470 US 598, 608; 105 S Ct 1524, 1531; 84 L Ed 2d 547 (1985). Thus, to prevail under the Equal Protection Clause, the Defendant must prove that the decision makers in his case acted with a discriminatory purpose. See, *McCleskey v Kemp*, 481 US 279, 292-293; 107 S Ct 1756; 95 L Ed 2d 262 (1987).
>
> The Defendant has failed to show that the Legislature had a discriminatory purpose when it enacted MCL 257.625(9)(c) or that it had a discriminatory effect on him. Therefore, he has failed to establish that the statute is unconstitutional.

In the opinion of the undersigned, this decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner claims that the prior January 26, 2005, conviction should not have been used to enhance his conviction because of ineffective assistance of counsel in that previous case. The trial court rejected this argument:

> The Defendant next contends the other prior conviction used for enhancement purposes should not have been used because he did not have effective assistance of counsel at his plea hearing on January 26, 2005 and a conviction obtained in violation of the right to counsel cannot be considered in determining punishment for another offense.
>
> While the Defendant is accurate on the law (See, *People v Moore*, 391 Mich 426, 436-438; 216 NW2d 770 (1974)), he is mistaken on the facts. He claims that the attorney who appeared with him at his plea hearing was merely a "standby" lawyer and, as such, did not satisfy the requirement that he be provided with effective assistance of counsel at a critical stage of the proceedings.
>
> The transcript of that plea hearing shows that the Defendant was represented by competent counsel who appeared with him and participated in the plea proceeding. He was not merely a "standby." The transcript contains the following colloquy:
>
>> THE COURT: So, I'm trying to figure out the casualness of this relationship?
>>
>> MR. GOMERY: He's a former client that gave me a call.
>>
>> THE COURT: Okay.
>>
>> MR. GOMERY: And given the circumstances, you'll see shortly he's just decided to enter a plea. And he's got a hold on him from DOC.
>>
>> THE COURT: Oh, is that right?

> MR. GOMERY: Yes.
>
> THE COURT: All right. Well, I need to tell you anyway that you have a right to retain -- hire a lawyer. If you cannot afford the services of an attorney, I would appoint one for you at county expense.
>
> THE DEFENDANT: Yes.
>
> THE COURT: So you understand that?
>
> THE DEFENDANT: Yes, Sir, I understand that.
>
> THE COURT: So apparently Mr. Gomery has either volunteered or agreed to serve as your counsel this morning, and so that's the arrangement. Your [sic] free to work out whatever arrangement you wish with Mr. Gomery. So you understand that?
>
> THE DEFENDANT: Yes, Sir.
>
> It is clear that Mr. Gomery was representing the Defendant at his plea hearing. His right to effective assistance of counsel was not violated. It was appropriate to use his conviction in that case as a prior conviction for enhancement purposes.

In the opinion of the undersigned, petitioner has failed to show that the state court decision denying his claims was unreasonable. Moreover, petitioner has failed to overcome his waiver of these issues by entering into a knowing and voluntary plea of guilty to his third offense for drunk driving.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: April 25, 2011